**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-3324-WJM-KMT

LORELLE THOMPSON;

      Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware company,

      Defendant.

---

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

---

This matter is before the Court on Plaintiff Lorelle Thompson's ("Plaintiff") "Fed. R. Civ. P. 59(e) Motion for Reconsideration of the Court's September 24, 2019 Order Granting Motion to Dismiss and Final Judgment." ("Motion for Reconsideration"; ECF No. 28.) Plaintiff asks the Court to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) on the grounds that the Court misconstrued applicable law relating to personal jurisdiction. (*Id.*)

Also before the Court is "Plaintiff's Fed. R. Civ. P. 59(e) Motion to Alter Judgment For the Purpose of Filing Motion to Transfer, Subject to Plaintiff's Motion for Reconsideration and Appeal." ("Motion to Alter Final Judgment"; ECF No. 29.)

For the reasons explained below, the Court denies the Motion for Reconsideration and reserves decision on the Motion to Alter Final Judgment.

## I.  BACKGROUND

On December 26, 2018, Plaintiff brought this products liability action against Ford Motor Company ("Defendant" or "Ford") following a December 27, 2016 accident arising from an allegedly defective Ford Expedition.  (ECF No. 1.)

On January 18, 2019, Ford filed the motion to dismiss the complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).  (ECF No. 8.) On September 24, 2019, the Court issued an order granting Ford's Motion to Dismiss and dismissing the case without prejudice for lack of personal jurisdiction.  (the "Court's Order"; ECF No. 26.)  A Final Judgment against Plaintiff was entered the same day. (ECF No. 27.)

On October 22, 2019, Plaintiff filed a Motion for Reconsideration and the Motion to Alter Final Judgment.  (ECF Nos. 28 and 29.)  Ford filed responses to each motion on November 12, 2019 (ECF Nos. 31 and 32), and Plaintiff filed a reply in further support of her Motion for Reconsideration on November 26, 2019 (ECF No. 33).

## II.  LEGAL STANDARD

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks omitted).  Accordingly, the Court may amend the judgment in its discretion where (1) there has been an intervening change in the controlling law; (2) new evidence that was previously unavailable has come to light; or

(3) the Court sees a need to correct clear error or prevent manifest injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*. However, motions to alter or amend the judgment pursuant to Rule 59(e) "are regarded with disfavor. . . [and are] 'not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing.'" *Kerber v. Qwest Group Life Ins. Plan*, 727 F. Supp. 2d 1076, 1077 (D. Colo. 2010) (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

## III.  ANALYSIS

### A.    Reconsideration of the Court's Order

Plaintiff makes two primary arguments in support of her Motion for Reconsideration: (1) the Court should consider "new evidence" in the form of supplemental case law; and (2) the Court committed clear error that resulted in manifest injustice "[b]y overlooking U.S[.] Supreme Court settled precedents and substantially altering the first prong of its specific jurisdiction test." (ECF No. 28 at 1, 15.)[1]  The Court will consider each argument in turn.

#### 1.    New Evidence

Plaintiff argues that the Court's Order should be reconsidered because Plaintiff filed supplemental authority on August 8, 2019, and "had no opportunity to argue the relevance and application of this new case law prior to entry of the Court's order of dismissal."  (ECF No. 28 at 15.)  Contrary to Plaintiff's characterization of this

---

[1] Plaintiff only moves for reconsideration of the Court's ruling on specific jurisdiction and does not address the Court's ruling on general jurisdiction.  (ECF No. 28 at 15 n.16.)

supplemental authority as "new evidence," case law is not evidence.  Moreover, Plaintiff

did, in fact, submit her supplemental authority to the Court *before* it decided Ford's

Motion to Dismiss (*see* ECF No. 23), and this was considered by the Court at that time.

This contention is thus patently without merit.

      2.   <u>Clear Error</u>

      Because the Court finds that Plaintiff has not shown that there has been a

change in controlling law or that new evidence has become available, the Court must

find clear error or manifest injustice in order to grant Plaintiff's Motion for

Reconsideration.  *See National Bus. Brokers, Ltd. v. Jim Williamson Productions, Inc.*,

115 F. Supp. 2d 1250, 1256 (D. Colo. 2000).  Plaintiff argues that the Court committed

clear error by (1) misapplying *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773

(2017); and (2) not applying the stream of commerce doctrine endorsed in *World-Wide

Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).  The Court will consider

each argument below.

      First, Plaintiff contends that, in deciding *Bristol-Meyers Squibb*, the Supreme

Court "refused to adopt a strict causal standard" and "held that the relatedness prong

for specific jurisdiction would have been met if the non-resident plaintiffs were injured in

the state."  (ECF No. 28 at 4–5.)  Neither description of *Bristol-Meyer Squibb* is

accurate.  The Supreme Court and Tenth Circuit have yet to determine whether the

requirement that a case "arise out of or relate to the defendant's contacts with the

forum" endorses a theory of "but-for" or "proximate" causation.  *See GCIU-Employer

Retirement Fund v. Coleridge Fine Arts*, 808 F. App'x 655, 666 (10th Cir. Apr. 6, 2020);

*Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1078–79 (10th Cir. 2008) ("As between . . . but-for and proximate causation tests, we have no need to pick sides today.").  Moreover, the Supreme Court mentioned the location of the non-residents' injuries in *Bristol-Meyers Squibb* to show that the case for specific personal jurisdiction there was "even weaker" than in *Walden v. Fiore*, 571 U.S. 277 (2014)—not, as Plaintiff contends, to create a new rule endorsing specific jurisdiction when a forum resident is harmed in the forum state.  137 S. Ct. at 1782.

What *Bristol-Meyers Squibb* does stand for is a requirement that "the *suit* must aris[e] out of or relat[e] to the defendant's contacts with the *forum*."  137 S. Ct. at 1780 (alterations and italics in original); *see also Walden*, 571 U.S. at 284 (the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff . . . and the forum State").  For the reasons stated in the Court's Order, Plaintiff's injuries do not arise out of or relate to *Ford's forum-related activities*.

Second, Plaintiff claims that the Court erred in not applying stream-of-commerce law pursuant to *World-Wide Volkswagen* and alleges that the Court concluded "that a plaintiff can no longer use the stream of commerce test to establish specific jurisdiction."[2]  (ECF No. 28 at 6.)  This is a gross misstatement of the Court's Order.

---

[2]  In support of her argument, Plaintiff provided the Court with 24 non-precedential cases in which the courts found specific jurisdiction over defendants.  The fact that other courts (most of which are outside of the Tenth Circuit) ruled differently does not mean that this Court committed clear error warranting reconsideration.  *See Servants of the Paraclete*, 204 F.3d at 1012 (explaining that a ground warranting reconsideration is an "intervening change in the *controlling* law" (emphasis in original)).

*World-Wide Volkswagen* addresses a separate requirement for specific jurisdiction that a defendant "purposefully avails itself of the privilege of conducting activities within the forum State." 444 U.S. at 297. It does not, however, discuss when a plaintiff's injuries "arise out of or relate to" a defendant's forum-related activities. 444 U.S. at 297; *Dudnikov*, 514 F.3d at 1071 (recognizing that the "minimum contacts" standard requires *both* that an out-of-state defendant "purposefully directed" its activities at residents of the forum state *and* that a plaintiff's injuries "arise out of" a defendant's forum-related activities). Because Plaintiff failed to establish that her injuries arose out of Ford's forum-related activities, the Court did not need to consider whether Ford had purposefully directed its activities at residents of the forum state.

Upon review of the Motion for Reconsideration and a re-examination of the Court's Order, the Court concludes that Plaintiff has failed to demonstrate that any of the grounds justifying reconsideration exist in his case. Plaintiff has failed to demonstrate an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete*, 204 F.3d at 1012. Instead, Plaintiff merely raises arguments that could have been—and were—raised in prior briefing and were rejected by the Court.

Accordingly, the Court finds that Plaintiff has failed to meet her burden under Rule 59(e), and the Motion for Reconsideration must be DENIED.

**B.    Motion to Alter Final Judgment**

In her Motion to Final Alter Judgment, Plaintiff seeks conditional leave to file a "Motion to Transfer, Subject to Plaintiff's Motion for Reconsideration and Appeal"

("Motion to Transfer") requesting transfer of her case to a court in which Ford would be

subject to personal jurisdiction pursuant to 28 U.S.C. § 1631, "[i]n the event that

Plaintiff's Motion for Reconsideration is denied and the Order Granting Motion to

Dismiss is affirmed on appeal."[3]  (ECF No. 29.)

On July 8, 2020, the Court issued an order directing Plaintiff to confirm whether

the Court had correctly interpreted the relief requested in Plaintiff's Motion to Alter

Judgment:

> The Court construes the Motion to Alter Judgment to request
> the following relief in the event that the Court were to deny
> Plaintiff's [Motion for Reconsideration]:  Plaintiff asks the
> Court to amend the Final Judgment and grant Plaintiff *leave
> to file* her [Motion to Transfer].  It appears, therefore, that
> Plaintiff is not requesting that the Court decide the Motion to
> Transfer at the present time.

(ECF No. 34.)  On July 10, 2020, Plaintiff confirmed that this summary accurately

reflected her request.  (ECF No. 35.)  This requested relief, however, is outside of the

Court's power.

Section 1291 of the Judicial Code vests courts of appeal with jurisdiction over

appeals from "final decisions" of a district court.  28 U.S.C. § 1291; *Cunningham v.

Hamilton Cnty*, 527 U.S. 198, 203 (1999) ("[W]e have repeatedly interpreted § 1291 to

mean that an appeal ordinarily will not lie until after final judgment has been entered in

a case.").  A "final decision" of a district court "generally is one which ends the litigation

on the merits and leaves nothing for the court to do but execute the judgment."  *Catlin

v. United States*, 324 U.S. 229, 233 (1945); *Rekstad v. First Bank Sys., Inc.*, 238 F.3d

---

[3]  Plaintiff did not request transfer of her case in her response to Ford's Motion to
Dismiss.  (ECF No. 17.)

1259, 1261 (10th Cir. 2001). An order is not final, however, if it disposes of "fewer than all the claims or the rights and liabilities of fewer than all the parties." *Robinson v. Parke-Davis & Co.*, 685 F.2d 912, 913 (4th Cir. 1982) (per curiam); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949) ("So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.").

To grant Plaintiff leave to file her Motion to Transfer, the Court would have to vacate the final judgment already entered in this action. *See, e.g.*, *Cooper v. Shumway*, 780 F.2d 27, 29 (10th Cir.1985) ("[O]nce judgment is entered the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)."); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981) ("Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted.").

If, however, the Court vacates the final judgment to allow Plaintiff to file her Motion to Transfer, there will not be a final judgment to appeal. *See Carteret Sav. Bank, F.A. v. Shushan*, 919 F.2d 225, 230 (3d Cir. 1990) (a ruling of a District Court finding no personal jurisdiction over all defendants is typically appealable under 28 U.S.C. § 1291 "only if the district court dismisses the case").[4]

---

[4] Likewise, there would not be an appealable final order if the Court were to grant the Motion to Transfer. *See, e.g.*, *F.D.I.C. v. McGlamery*, 74 F.3d 218, 222 (10th Cir. 1996); *Raines v. Block*, 798 F.2d 377, 379 (10th Cir. 1986).

8

Moreover, if Plaintiff appeals the Court's Order, the Court will be divested of jurisdiction to rule on a subsequently filed Motion to Transfer absent a mandate issued by the Tenth Circuit.  As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Norman v. Young*, 422 F.2d 470, 474 (10th Cir. 1970) (recognizing that the case was taken out of the trial court's jurisdiction once defendant filed a notice of appeal).  Subsequent jurisdiction of the district court is "dependent on the terms of the appellate mandate." *DuBuit v. Harwell Enterprises, Inc.*, 540 F.2d 690, 693 (4th Cir. 1976) ("when we affirmed the final judgment this put an end to the ligation and the district court had no authority to reopen the case for the consideration of attorney fees or any other purpose" (quotations omitted)); *United States v. Redmond*, 571 F.2d 513, 513 (10th Cir. 1978) ("The district court has no power or authority to deviate from a mandate issued by the court of appeals.").

If Plaintiff wishes to file a Motion to Transfer, the Court could vacate the Final Judgment in this action and grant Plaintiff leave to file her Motion to Transfer. Alternatively, the Court could leave the Final Judgment as is, so that Plaintiff can directly appeal the Court's Order.  This Court cannot, however, do both.  In light of the above, the Court finds that Plaintiff should be given an opportunity to amend her requested relief if she so chooses.

Plaintiff is therefore DIRECTED to inform the Court of her election as to how she would like to proceed by **July 24, 2020**.  Although it is not required to do so, should Defendant wish to file a response to Plaintiff's clarifying statement, it must do so on or before **July 29, 2020**.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Fed. R. Civ. P. 59(e) Motion for Reconsideration of the Court's September 24, 2019 Order Granting Motion to Dismiss and Final Judgment (ECF No. 28) is DENIED; and

2. Plaintiff is DIRECTED to file a clarifying statement consistent with the terms of this order **on or before July 24, 2020**.

Dated this 16th day of July, 2020.

BY THE COURT:

William J. Martinez
United States District Judge